UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| OCEANS HEALTHCARE, L.L.C. | : | DOCKET NO.  2:14-cv-2380 |
| VS. | : | JUDGE JAMES T. TRIMBLE |
| WINDSTREAM COMMUNICATIONS, INC. | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECCOMENDATION

On August 20, 2014, the plaintiff filed a Motion to Remand [Doc. 7] in this case and therein also requested an award of attorney's fees and costs for its preparation and filing. In a subsequent ruling on March 3, 2015 we remanded the action and granted the request for attorney's fees directing the plaintiff to submit a bill of costs and expenses incurred in connection with the Motion to Remand within fourteen days. Doc. 13. In accordance with that order, the plaintiff filed a Motion to Fix Costs and Fees [doc. 15] but the defendant appealed our decision to the district judge before we had occasion to consider the matter.  We deferred ruling on the request for fees and costs until the appeal was resolved. *See* Doc. 20.  On May 27, 2015, Judge Trimble denied the appeal and affirmed our decision to grant remand and award attorney's fees and costs. Doc. 22. Accordingly, we now address the Motion to Fix Costs [doc. 15].

Attached to the instant motion is a bill of costs in the amount of $2,062.50 from Hunter, Hunter & Sonnier, LLC, the plaintiff's representative at the time the Motion to Remand was filed. Accompanying the bill is a certificate certifying its authenticity "under penalty of perjury" signed by Bradley J. Trevino, the plaintiff's attorney at the time of filing.  The defendant has not opposed

or otherwise challenged the plaintiff's assertions in this regard. Therefore, we find that attorney's fees and costs in the amount of $2,062.50 are reasonable and should be awarded to plaintiff.

Accordingly, **IT IS RECCOMENDED** that the defendant be ordered to tender to plaintiff an amount totaling $2,062.50 within fourteen (14) days after this ruling becomes final.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE